**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 06-4028

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY ALLEN BONNIE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (CR-04-546)

———————

Submitted: August 24, 2006          Decided: August 29, 2006

———————

Before KING, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David A. Bornhorst, North Charleston, South Carolina, for
Appellant. Reginald I. Lloyd, United States Attorney, Carlton R.
Bourne, Jr., Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gregory Allen Bonnie pled guilty to conspiracy to manufacture, to possess with intent to distribute and to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. On appeal, his attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issue on appeal but considering whether Bonnie was properly sentenced as a career offender and whether his sentence was reasonable. Bonnie has filed a pro se supplemental brief, further arguing the career offender issue. After careful consideration of the record, we affirm.

First, Bonnie argues that he should not have been treated as a career offender because his prior convictions all occurred within a month and a half period and, therefore, should not have constituted three separate convictions. However, because Bonnie's prior offenses were separated by intervening arrests, the convictions were required to be counted individually. See United States v. Green, 436 F.3d 449, 459 (4th Cir.), cert. denied 126 S. Ct. 2309 (2006).

Second, the district court properly calculated the guideline range and appropriately treated the Sentencing Guidelines as advisory. The district court explicitly considered Bonnie's background, the circumstances of his career offender status, and his assistance to the Government in granting the Government's

motion for a substantial assistance departure and imposing a sentence well below the guideline range. Thus, we find that the sentence was reasonable. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005) (describing sentencing procedure and standard of review).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Bonnie's conviction and sentence. This court requires that counsel inform Bonnie, in writing, of the right to petition the Supreme Court of the United States for further review. If Bonnie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bonnie.

We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>